Filed 8/17/23  Estate of Ellias CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Estate of YVONNE ELLIAS, Deceased. | 2d Civil No. B322805 (Super. Ct. No. 56-2021-00556111-PR-TR-OXN) (Ventura County) |
| VERONICA ELLIAS, as Trustee, etc., <br><br> Petitioner and Respondent, <br><br> v. <br><br> DAVID WRIGHT, <br><br> Objector and Appellant. | |

David Wright appeals from the probate court's order excluding him from receiving certain distributions from a trust established by his mother, Yvonne Ellias.  David[1] contends the

---

[1] We refer to the parties by their first names for clarity.  No disrespect is intended.

court erred when it found that Yvonne did not validly amend the trust. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Yvonne created the Yvonne Ellias Living Trust (Trust) in 2007. She amended the Trust in 2018, naming her stepdaughter, Veronica Ellias, as trustee. Section 1.04 of the Trust provides: "Any amendment, restatement, or revocation must be made in writing and delivered to my then-serving Trustee." Yvonne passed away on February 20, 2021. The Trust became irrevocable upon her death.

Yvonne purportedly amended the Trust twice more before she died, in June 2019 and July 2020.[2] The amendments purportedly redistributed Yvonne's assets, including her home, from Veronica to David upon Yvonne's death. Veronica discovered the amendments after Yvonne died, inside a binder containing the original estate planning documents.

Upon that discovery, Veronica petitioned the probate court to determine the amendments' validity. She claimed the two amendments were invalid because they were not delivered to her as the "then-serving Trustee" during Yvonne's lifetime. David objected to Veronica's petition, maintaining the amendments were valid because they were delivered to Yvonne, the person holding the power of revocation, or because they were delivered to Veronica, albeit not during Yvonne's lifetime. The court ruled the

---

[2] The amendment is dated "7-20-20" but Yvonne purportedly executed it on August 14, 2020. Because the amendment is referenced by the parties and the trial court with the July date, we refer to it as the "July 2020 amendment" throughout this opinion.

amendments were invalid because they were not delivered to Veronica during Yvonne's lifetime.

## DISCUSSION

David contends the probate court erred in concluding the two amendments to the Trust were invalid. He maintains Yvonne delivered the amendments to Veronica because Veronica later discovered the amendments inside Yvonne's estate planning binder. We disagree.

"The paramount rule in construing [a trust] instrument is to determine intent from the instrument itself and in accordance with applicable law." (*Brown v. Labow* (2007) 157 Cal.App.4th 795, 812.) To determine the settlor's intent, we "look first to the terms of [the] trust." (*Burch v. George* (1994) 7 Cal.4th 246, 256.) Where, as here, we do not rely on conflicting extrinsic evidence, the interpretation of a trust agreement is a legal question we review de novo. (*Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439.)

The Probate Code[3] governs modification and revocation of a trust such as Yvonne's. With respect to trust modification, "[u]nless the trust instrument provides otherwise, if a trust is revocable by the settlor, the settlor may modify the trust by the procedure for revocation." (§ 15402.) The procedure for revocation permits a settlor to revoke a trust by "compliance with any method of revocation provided in the trust instrument" (§ 15401, subd. (a)(1)) or "[b]y a writing, other than a will, signed by the settlor or any other person holding the power of revocation and delivered to the trustee during the lifetime of the settlor or the person holding the power of revocation" (*id.*, subd. (a)(2)).

---

[3] Statutory references are to the Probate Code.

3

Here, section 1.04 requires any modification of the Trust to be "delivered to [Yvonne's] *then-serving Trustee*." (Italics added.) Thus, as David concedes, for Yvonne to validly amend the Trust pursuant to its terms, she was required to deliver the amendments to Veronica. But Yvonne did not do so when she purportedly executed the Trust amendments or at any other point before she passed away. Nor is there evidence that Veronica had access to Yvonne's estate planning binder before her death such that the amendments were "effectively" delivered to her, as suggested by David. Yvonne therefore could not have amended the Trust pursuant to its terms. (See *Lombardo v. Huysentruyt* (2001) 91 Cal.App.4th 656, 670 [trust modification ineffective if trust requires delivery of modification to trustee and settlor fails to inform trustee of modification].)

Yvonne also could not have amended the Trust pursuant to section 15402. There is currently a split of authority regarding whether section 15402 applies when a trust does not state that its specified modification method is exclusive (compare *Balistreri v. Balistreri* (2022) 75 Cal.App.5th 511, review granted May 11, 2022, S273909, with *Haggerty v. Thornton* (2021) 68 Cal.App.5th 1003, review granted Dec. 22, 2021, S271483), and the matter is pending before our Supreme Court. We need not weigh in on that split here because the outcome would remain the same if we were to apply section 15402: Because she did not amend the Trust pursuant to its terms, Yvonne could not comply with the modification method provided in section 15401, subdivision (a)(1). And because Yvonne did not deliver the amendments to Veronica during her lifetime, she could not comply with the method provided in subdivision (a)(2). The probate court thus did not err in finding the amendments invalid.

4

## DISPOSITION

The probate court's order finding the June 2019 and July 2020 amendments to the Trust invalid, entered June 21, 2022, is affirmed.  Veronica shall recover her costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

5

Roger L. Lund, Judge

Superior Court County of Ventura

_____


Lowthorp Richards and Christian R. Arrieta for Objector and Appellant.

Dushkes Law Corporation and Larry S. Dushkes for Petitioner and Respondent.